UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DONNI ELIZABETH LUTS YOUNG                CIVIL ACTION

v.                                        NO. 06-9871

STATE FARM FIRE AND CASUALTY COMPANY       SECTION "F" (4)

ORDER AND REASONS

Before the Court is the defendant's motion, objecting to the Magistrate Judge's Order of July 5, 2007, denying State Farm's motion to compel entry upon land for inspection and denying State Farm's motion to extend the expert report deadline.  For the reasons that follow, the defendant's motion is DENIED.

Background

Donni Young owns a residence in New Orleans, Louisiana that sustained wind damage to the roof during Hurricane Katrina, resulting in water intrusion.  Young was insured by State Farm for coverage on her home in the amount of $190,575.  Young made claims for damage to her home on August 31, 2005.  Afterward, State Farm inspected the property six times between October 2005 and September 2006.  During a settlement conference with the magistrate judge in April 2007, State Farm requested one further inspection by a general contractor.  In May 2007, State Farm expanded its request

to allow other engineers, experts, and adjustors to join the general contractor in the last inspection. As a result, on May 23, 2007, the magistrate judge issued the following ruling:

> The Court will allow defendant's counterveiling experts and its adjustor, Ms. Griffin, one final opportunity to inspect plaintiff's home and contents on one calendar day. Prior to the inspection, defendant is to identify the experts it will use to conduct same in sufficient time to allow plaintiff to arrange for her own experts to be present. Defendant shall also provide plaintiff with an estimate of the time which its experts and adjustor will need to complete their inspections. The inspections by defendant's experts and adjustor shall also be staggered to allow plaintiff to witness same.

On June 21, 2007, State Farm scheduled its inspectors at staggered intervals, but did not start the seventh inspection of the plaintiff's property until 10:30 a.m. State Farm claims it did not finish all of its inspections by the end of the day, specifically the inspection of 32 boxes of books, baby clothes, and other items. State Farm filed a motion to compel the remainder of the inspection and requested an extension of time in which to file its expert reports, which the magistrate judge denied.

State Farm now objects pursuant to Rule 72 to the magistrate judge's denial of its motion to compel and to extend expert report deadlines, arguing that the information it seeks is relevant to its defense, is not cumulative or duplicative, and does not prejudice the plaintiff. The plaintiff opposes State Farm's position, stating that State Farm has had ample opportunity to examine the plaintiff's personal property and that an eighth inspection is

unreasonable.

I.

A judge of this Court may modify or set aside any portion of the magistrate judge's order on a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  § 636(b)(1)(A).  A party has ten days, after being served with a copy of the magistrate judge's order, to object to the order.  Fed. R. Civ. P. 72(a).

Generally, discovery matters are committed almost exclusively to the sound discretion of the trial judge and the judge should "adhere to the liberal spirit of the Rules" of Civil Procedure. Burns v. Thiokol Chem. Corp., 483 F.2d 300, 304-05 (5th Cir. 1973); see also Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977) ("[T]he scope of discovery lies within the sound discretion of the trial court.").  A magistrate judge's discovery order will be will be reversed by the district court only if the court finds the order clearly erroneous or contrary to law.  28 U.S.C. § 636(b).

II.

Although the magistrate judge's minute entry denying State Farm's motion to compel and to extend the expert report deadline is silent regarding the reasoning behind the decision, this Court does

not find the decision to be clearly erroneous in light of the facts of the case.  This case was removed to this Court in November 2006.  The pretrial conference is set for September 7, 2007, and the trial date is October 1.  State Farm has been allowed to inspect the plaintiff's property seven times since October 2005.  To compel yet another inspection of the plaintiff's premises under Rule 34, the degree to which the proposed inspection will assist the moving party and its search for truth must be weighed against the hardships and hazards created by the inspection.  See Belcher v. Bassett Furniture Industries, 588 F.2d 904, 908 (4th Cir. 1978).  "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted."  Id.  State Farm's argument that the information sought is relevant to its defense weakens in light of the fact that they have inspected the plaintiff's property on seven occasions already.

State Farm argues that an eighth inspection will not be unduly burdensome for the plaintiff because "all 32 containers remain in plaintiff's backyard and completing the inspection would not require any moving, collecting, or documenting of items by the plaintiff."  But this argument overlooks the fact that the plaintiff is displaced in Connecticut.  She has the right to be present for the inspection of her home, and it is unduly burdensome for her to take a leave of absence from work for travel to New

4

Orleans to allow inspection of her home, particularly when she has incurred these expenses many times before in these proceedings.

It is clear that State Farm has had ample time and opportunity to collect relevant information through discovery and to prepare its defense. The Court thus concludes that the magistrate judge was not clearly erroneous in denying State Farm's motion to compel the eighth inspection and to extend expert report deadlines.

Accordingly, the defendant's motion is DENIED.

New Orleans, Louisiana, July 25, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5